UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MUHAMMAD BILAL,

Petitioner,

v.

PAMELA BONDI, et al.,

Respondents.

Case No. 2:26-cv-00985-TLF

ORDER GRANTING HABEAS
CORPUS PETITION

Petitioner Muhammad Bilal, a citizen of Pakistan, is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkts. 7, 14, 19. Petitioner has been detained by respondents since January 2025. Dkts. 7, 14, 15-1 (I-213 Form), 19. On December 8, 2025, an Immigration Judge ("IJ") ordered petitioner removed to Pakistan, and petitioner waived appeal. Dkts. 7, 15-4 (Final Removal Order), 19.

Petitioner, initially pro se and now through counsel, petitions for a writ of habeas corpus under 28 U.S.C. § 2241. Dkts. 7, 19. He argues he is entitled to release as his removal is no longer reasonably foreseeable under Zadvydas v. Davis, 533 U.S. 678 (2001). Dkts 7, 19.

ORDER GRANTING HABEAS CORPUS
PETITION - 1

Petitioner is now outside the six-month presumptively reasonable period of detention contemplated by *Zadvydas*, as his final removal order was entered December 8, 2025.

The parties unanimously consent to the jurisdiction of a Magistrate Judge. Dkt. 3. For the reasons below, the Court **GRANTS** the habeas petition and orders respondents to release petitioner within **24 hours** of the filing of this Order.

## I.    BACKGROUND

Petitioner is a citizen of Pakistan. Dkts. 14, 19. In January 2025, petitioner entered the United States and was detained for expedited removal. Dkt. 14 at 1-2 (Deportation Officer ("DO") Declaration); Dkt. 15-1 (I-213 form, dated January 25, 2025); Dkt. 15-2 (Notice and Order of Expedited Removal). In March 2025, petitioner claimed a fear of return to Pakistan. Dkt. 14 at 2. U.S. Immigration and Citizenship Services ("USICS") made a positive fear determination and issued petitioner a Notice to Appear. Dkt. 14 at 2; Dkt. 15-3 (Notice to Appear, dated September 15, 2025).

On December 8, 2025, an Immigration Judge (IJ) denied petitioner's application for relief and ordered petitioner removed to Pakistan. Dkt. 15-4 (IJ Order, dated December 8, 2025). Petitioner waived appeal. Dkt. 14 at 2; Dkt. 15-4.

On April 16, 2026, petitioner filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241. Dkt. 7. The petition acknowledges he was initially detained in January 2025 and that an IJ entered a removal order on December 8, 2025. Dkt. 7 at 2. He requests release, arguing respondents failed to timely obtain a travel document and were otherwise unable to return him to Pakistan. *E.g.* Dkt. 7 at 3.

ORDER GRANTING HABEAS CORPUS
PETITION - 2

Respondents argue the petition should be denied because Mr. Bilal was still within the six-month period found to be presumptively reasonable in *Zadvydas v. Davis*, 533 U.S. at 689, 701. Dkt. 13.

DO Robert Andron's declaration states the following efforts have been made to obtain a travel document:

> 12.   On or about March 9, 2026, [the Office or Enforcement and Removal Operations ('ERO')] prepared a travel document request ('TDR'). Due to the lack of available funding resulting from the shutdown of the federal government, the requisite money order needed for the submission of the TDR was not available at that time.
>
> 13.   On April 30, 2026, ERO was notified that the requisite money order for the TDR was available and ERO now intends to finalize the submission of the TDR this week. ERO anticipates Pakistani officials will issue a travel document for Petitioner and Petitioner will then be removed to Pakistan in the normal course.

Dkt. 14 at 3.

Respondents thus acknowledge that "there are some complications in Petitioner's removal which have extended beyond the initial 90 day period" as contemplated under 8 U.S.C. § 1231. Dkt. 13 at 5. They argue release is unwarranted because "ICE is in the process of securing a travel document and anticipates that he will be removed to Pakistan in the normal course." Dkt. 13 at 5.

In his traverse, petitioner argues that release is warranted under *Zadvydas*, urging the government's generalized assertions and failure to provide a concrete timeline warrant his release, even if the Court reviews this within the six-month presumptive period. Dkt. 19.

## II.   DISCUSSION

ORDER GRANTING HABEAS CORPUS
PETITION - 3

"[W]hen [a noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days" also known as "the 'removal period.'" 8 U.S.C. § 1231(a)(1)(A). The removal period begins, among other options, on the "date the order of removal becomes administratively final." 8 U.S.C. § 1231(a)(1)(B)(i).

While a "special statute authorizes further detention if the Government fails to remove the alien during those 90 days," allowing the "indefinite detention" of noncitizens "would raise serious constitutional concerns." *Zadvydas* 533 U.S. at 682 (citing 8 U.S.C. § 1231(a)(6)). "[T]o avoid a serious constitutional threat," the Supreme Court held that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. The Supreme Court held six-months was a "presumptively reasonable period of detention". *Id.* at 701.

*Zadvydas* establishes a two-step process. First, petitioner "bear[s] the initial burden of providing 'good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.'" *Trinh v. Homan*, 466 F. Supp. 3d 1077, 1082 (C.D. Cal. 2020) (quoting *Zadvydas*, 533 U.S. at 701). Second, "[o]nce that initial showing is made, the burden shifts to the Government to respond with evidence sufficient to rebut it." *Id.* (citing *Zadvydas*, 533 U.S. at 701).

For the first *Zadvydas* step, the Court finds petitioner met his burden. Courts in the Ninth Circuit have held a petitioner meet their burden by demonstrating a "lack of evidence that respondents are actually removing petitioner . . ." *Baltodano v. Bondi*, 815 F. Supp. 3d 1191, 1198 (W.D. Wash. 2025); *see also Nguyen v. Scott*, 796 F. Supp. 3d 703, 722 (W.D. Wash. 2025) ("To start, Petitioner has shown that ICE did not even

ORDER GRANTING HABEAS CORPUS
PETITION - 4

request that Vietnam issue him a travel document until after he filed a habeas petition."). Here too, petitioner asserted a lack of concrete action and that respondents failed to obtain travel documents. Dkts. 7, 19.

For the second *Zadvydas* step, the Court finds the government failed to provide a sufficient rebuttal. Respondents' DO declaration states that as of April 30, 2026, the government "intends to finalize the submission of the [travel document request] this week" and "ERO anticipates Pakistani officials will issue a travel document for Petitioner and Petitioner will then be removed to Pakistan in the normal course." Dkt. 14 at 3.

Respondents' expressed intent to submit a travel document is insufficient. *See Hoac v. Becerra*, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771, at *4 (E.D. Cal. Jul. 16, 2025) (noting, albeit in the context of a motion for a temporary restraining order, that "that Respondents intend to complete a travel document request for Petitioner does not make it significantly likely he will be removed in the foreseeable future"). A request, on its own, provides no indication of Pakistan's willingness to accept petitioner or the anticipated timeline for removal. *See Van Huynh v. Bondi*, No. C25-2093-KKE, 2025 WL 3534210, at *3 (W.D. Wash. Dec. 10, 2025) (noting that even if the government made a request to Vietnam, they provided "provided no timeline . . . nor any information about the likelihood that the government of Vietnam will ultimately approve the issuance of travel documents for Petitioner.").

Regardless of intended or actual submission of a request, respondents offer no concrete timeline or details on removal. This Court has already rejected similar, if not more detailed, assurances in other habeas matters even when a travel document request was submitted. *See, e.g., Saadhom v. Bondi*, No. 2:26-cv-00425-TL, 2026 WL

ORDER GRANTING HABEAS CORPUS
PETITION - 5

698786, at *5 (W.D. Wash. Mar. 12, 2026) (rejecting assertions that the government "submitted travel document requests to Canada, Panama, and Costa Rica" as "they are silent as to whether they have heard back from those countries" and can offer no timeline or "specific date of anticipated removal."); *see also Kamyab v. Bondi*, No. C25-389RSL, 2025 WL 2917522, at *4 (W.D. Wash. Oct. 14, 2025) (rejecting "generalized statements" such as that "in general 'Iran is accepting return of its citizens'" but is "'reviewing its backlog of cases and would be reaching out with interview requests'").

Thus, the Court finds petitioner, who has now been detained for more than six months after an IJ entered his final removal order, is entitled to release under *Zadvydas*.

### III.   CONLUSION

For the reasons above, the Court **GRANTS** the petition for a writ of habeas corpus and **ORDERS:**

1) Respondents shall release petitioner within **24 hours** of the filing of this Order under reasonable conditions of release.

2) Respondents shall file a certification with this Court within **48 hours** of the filing of this Order confirming the date and time petitioner was released from custody.[1]

Dated this 22nd day of June, 2026.

Theresa L. Fricke
United States Magistrate Judge

---

[1] Petitioner also asks this Court "enter an order limiting the circumstances under which the Government may transfer him from the Northwest ICE Processing Center during the pendency of these proceedings . . ." Dkt. 19 at 3. While this request is rendered moot by petitioner's release, the Court notes that General Order 10-25, as adopted in this Court's scheduling order (Dkt. 9) requires 48 hours' notice (or 72 if extending into a weekend, holiday, etc.), to both petitioner and his counsel before transfer or removal from the Western District of Washington.

ORDER GRANTING HABEAS CORPUS
PETITION - 6